UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DAVID M. GILBERT                                                                                        PLAINTIFF

V.                                         No. 4:21-CV-00792-KGB-JTR

ALLEN ESTES, Deputy,
Stone County Sheriff's Office, *et al.*                                                    DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.  Discussion

On September 7, 2021, Plaintiff David Gilbert ("Gilbert"), a pretrial detainee in the Stone County Jail ("SCJ"), filed a *pro se* § 1983 Complaint that was neither dated nor signed by Gilbert. *Doc. 2*.

On October 15, 2021, the Court entered an Order noting several deficiencies

in Gilbert's Complaint, specifically including that it was *not* signed, as required by Rule 11(a) of the Federal Rules of Civil Procedure. *Doc. 10 at 1-2*. The October 15th Order directed the Clerk to mail Gilbert a new § 1983 complaint form labeled "Amended Complaint," and gave Gilbert 30 days to file an Amended Complaint that corrected the noted deficiencies. *Id.* Importantly, Gilbert was cautioned that his failure to comply with the October 15th Order could result in the dismissal of this action. *Id. at 3*.

Gilbert has not filed an Amended Complaint or otherwise responded to the October 15, 2021 Order, and the time to do so has long since expired. Accordingly, Gilbert's unsigned Complaint must be stricken from the record, pursuant to Rule 11(a),[1] and his case should be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[2]

---

[1] *See*, Fed. R. Civ. P. 11(a) (a *pro se* litigant *must* sign every pleading and motion and a court "*must strike* an unsigned paper unless the omission is promptly corrected") (emphasis added).

[2] Gilbert was previously informed of his duties under Local Rule 5.5(c)(2). *See Docs. 4 & 7*. Local Rule 5.5(c)(2) provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. *A party appearing for himself/herself must sign his/her pleadings* and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(Emphasis added).

## II.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Gilbert's Complaint (*Doc. 2*) be STRICKEN from the record.

2. This action be DISMISSED, WITHOUT PREJUDICE, pursuant to Local Rule 5.5(c)(2).

DATED this 4th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE